UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR CARRASQUILLO,

                            Plaintiff,

              -against-

STATE OF NEW YORK, et al.,

                            Defendants.

25-CV-8144 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who currently is incarcerated at Wende Correctional Facility in Erie County, brings this action *pro se*. Plaintiff sues eight state and federal court judges and three court staff, ten attorneys (including his appointed defense counsel for trial and on appeal), the Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS), and the State of New York. He asserts claims for alleged violations of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, for alleged retaliation, misconduct, and obstruction of his efforts to challenge his 2018 Bronx County conviction and sentence.[1] Plaintiff seeks damages.

    By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action, with 30 days' leave to replead.

---

[1] Plaintiff has a pending petition for a writ of *habeas corpus* in this court, *Carrasquillo v. Martuscello*, No. 25-CV-3214 (LTS) (S.D.N.Y.).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[3] On March 16, 2018, after a jury trial, Plaintiff was convicted of two counts of attempted first-degree assault and other lesser offenses in Bronx County, Indictment No. 1132-2016. On June 4, 2018, Judge Robert J. Neary sentenced Plaintiff as a second violent felony offender. According to Plaintiff's calculations, his aggregate minimum sentence is 11.5 years.[4] On June 11, 2018, Plaintiff was taken into DOCCS custody.

In March 2022, Plaintiff was assigned counsel from the Office of the Appellate Defender. After disputes with assigned counsel over access to the case file and transcripts, Plaintiff sought

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[4] According to public records of DOCCS, Plaintiff is serving an aggregate minimum sentence of 14 years, 6 months, and 24 days and a maximum sentence of 16 years. Plaintiff has a pending petition, *Carrasquillo*, No. 25-CV-3214 (LTS) (S.D.N.Y.), in which he attaches appellate counsel John Vang's application to be relieved as appellate counsel; it notes that Plaintiff "was sentenced as a second-violent felony offender to an aggregate term of 14 ½ to 16 years' incarceration." (ECF 1 at 91.)

2

reassignment. On October 21, 2021, new attorneys from the Center for Appellate Litigation, David Klem and John Vang, were assigned to represent Plaintiff on appeal; they later withdrew when Plaintiff invoked his right to proceed *pro se* on appeal.

On March 18, 2022, the Inmate Records Office of DOCCS allegedly advised Plaintiff by memorandum that his minimum term of imprisonment was 14.5 years. Plaintiff alleges that Clerk Luis Diaz created a "falsified sentence commitment order," which enabled DOCCS Commissioner Martuscello to effect a "vindictive prohibited resentencing." (ECF 1 at 8.) Plaintiff filed an Article 78 proceeding in Albany County, under Index #287-22, challenging the administrative determination. Assistant Attorney General (AAG) Amanda Kuryluke allegedly made false arguments in defense of this sentencing change.

At some point, Appellate Attorney John Vang affirmed that Plaintiff's maximum aggregate sentence was 16 years. Plaintiff alleges that appellate attorneys Vang and Klem, and defense counsel Caesar refused to release the original June 4, 2018 sentencing minutes and provided only an allegedly falsified version. District Attorney (DA) Clark allegedly refused to provide any sentencing records. Plaintiff filed a grievance on July 22, 2025, to the First Department Attorney Grievance Committee about the refusal by attorneys Vang and Klem to release certain portions of the case file. Plaintiff alleges that the Attorney Grievance Committee's Chief Attorney, Jorge Depico, did not respond.

Plaintiff claims that Defendants retaliated against him and suppressed his ability to proceed *pro se* on appeal. On August 24, 2024, Plaintiff moved in the state court to compel release of the case file. On September 8, 2024, he filed a motion under  N.Y. Crim. Proc. L. § 440.20 to set aside the modified sentence, which was assigned to Judge Timothy W. Lewis. On

3

November 9, 2024, Plaintiff moved under N.Y. Crim. Proc. L. § 5525 to resettle the June 4, 2018 sentencing minutes.

On January 14, 2025, Plaintiff filed a motion under N.Y. Crim. Proc. L. § 460.50 for release on bail pending appeal. On April 28, 2025, Assistant District Attorney (ADA) Charles T. Won opposed the motion, and Plaintiff replied on May 12, 2025. Plaintiff had addressed the motion to Justice Anil C. Singh, but it was assigned to Justice Cynthia S. Kern. Plaintiff filed an Article 78 mandamus on August 13, 2025, to compel Justices Singh and Kern to decide the bail-on-appeal motion. ADA Reva Grace Phillips opposed Plaintiff's motion to compel production by asserting that the trial judge had issued protective orders for documents concerning the complainant. (*Id.* at 12.) On February 6, 2025, Justices Singh, Kern, Friedman, Gesmer, and Michael denied Plaintiff's motion, despite allegedly having been made aware that there was no protective order. Thereafter, on May 8, 2025, Plaintiff moved for reargument, which ADA Won opposed; the matter was assigned to Justice Renwick. On September 10, 2025, Plaintiff brought an Article 78 mandamus, seeking to compel transfer of the motion to what he deemed the proper panel.

On June 6, 2025, Judge Timothy W. Lewis entered an order allegedly increasing Plaintiff's judgment and sentence, without proper proceedings, to "16–22 years." (*Id.* at 13.) On August 18, 2025, Plaintiff moved to resettle under N.Y. Crim. Proc. L. § 5019 in connection with the judgment. On September 23, 2025, Plaintiff filed in the Appellate Division, First Department, a prohibition petition to nullify Judge Lewis's order for lack of jurisdiction.

Plaintiff has moved for more time to perfect his appeal, and he contends that the motion has been pending for three months. Plaintiff contends that there has been ongoing suppression of his (unperfected) appeal for more than seven years. In addition, Plaintiff asserts that he has been

4

subjected to "retaliatory obstruction," in that some of his motions submitted to the state court by email were accepted for filing, but his attempted service on the court's Chief Clerk by email in May 2024 was rejected on the grounds that service could not be accomplished by email. (*Id.* at 17.)

In addition, Plaintiff alleges that Chief Judge Swain of the United States District Court for the Southern District of New York was involved in the fraudulent commencement of a filing that was treated as a federal *habeas corpus* proceeding even though he had intended only to submit a copy of his motion submitted to the state court, *Carrasquillo v. Superintendent*, No. 25-CV-1030 (LTS) (S.D.N.Y.); the action was thereafter dismissed without prejudice.[5] Plaintiff alleges that this was done in collusion with former District Court Clerk Ruby Krajick and that the fraudulent federal court proceeding and subsequent void order were specifically intended to obstruct and interfere with his legitimate *habeas corpus* petition, *Carrasquillo*, No. 25-CV-3214 (LTS), which remains pending.

Plaintiff invokes his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. He sues Bronx County Supreme Court Judge Timothy W. Lewis, and Bronx County Supreme Court Clerk Luis Diaz, and Court Reporter Joan Mooney; Appellate Division, First Department Justices Dianne T. Renwick, Cynthia S. Kern, Anil C. Singh, David Friedman, Ellen Gesmer, and Marsha D. Michael; First Department Attorney Grievance Committee Chief Attorney Jorge Depico, and Chief United States District Court Judge Laura Taylor Swain, and former District Court Clerk Ruby Krajick. Plaintiff also names his defense counsel, Sharon A.

---

[5] On March 17, 2025, Chief Judge Swain dismissed without prejudice the action that Plaintiff describes as having been mischaracterized as a new federal action, on the ground that no filing fee had been paid or *in forma pauperis* application submitted. *Carrasquillo*, No. 25-CV-1030 (LTS) (S.D.N.Y. Mar. 17, 2025).

Caesar, and appellate counsel David D. Klem, John Vang, and Julia Burke. He sues Bronx

District Attorney Darcel D. Clark, ADAs Grace Phillips and Charles T. Won, AAG Amanda

Kuryluke, and DOCCS Commissioner Martuscello. Plaintiff seeks damages.

## DISCUSSION

**A.      Immunity**

### 1.      Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

47, 51 (2d Cir. 1994).[6]

Plaintiff sues numerous judges, seeking damages. Because Plaintiff sues these judicial

officers for "acts arising out of, or related to, individual cases before [them]," they are immune

from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's

claims against Bronx County Supreme Court Judge Timothy W. Lewis; Appellate Division, First

Department Justices Dianne T. Renwick, Cynthia S. Kern, Anil C. Singh, David Friedman, Ellen

Gesmer, and Marsha D. Michael; and Chief United States District Court Judge Laura Taylor

Swain, because his claims seek monetary relief against defendants who are immune from such

---

[6] In addition, Section 1983, as amended, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff has not sought injunctive relief, and the facts alleged do not satisfy these standards.

relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently as frivolous, 28 U.S.C.

§ 1915(e)(2)(B)(i).

### 2.    Quasi-judicial Immunity
####    a.   Court Clerks

Plaintiff sues Bronx County Supreme Court Clerk Luis Diaz and former District Court

Clerk Ruby Krajick. "Judicial immunity has been extended to court clerks and 'others who

perform functions closely associated with the judicial process' when they are performing

discretionary acts of a judicial nature which are essential to the judicial process, especially the

filing of court documents and managing a court's calendar." *Calley v. Town of Cortlandt*, No.

19-CV-5453 (CM), 2019 WL 11880434, at *5 (S.D.N.Y. July 8, 2019) (quoting *Cleavinger v.

Saxner*, 474 U.S. 193, 200, (1985), and citing *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.

1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division

judges not to provide a litigant with documents and not to expand the record on appeal), and

*Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007)

(extending judicial immunity to the federal court clerk with respect to claims arising out of the

filing and docketing of legal documents)). In other words, "[c]ertain actors associated with the

courts enjoy absolute, quasi-judicial immunity from suit because such immunity is 'necessary to

protect the judicial process.'" *Gross v. Rell*, 695 F.3d 211, 215 (2d Cir. 2012) (quoting *Burns v.

Reed*, 500 U.S. 478, 485 (1991)).

Bronx Supreme Court Clerk Diaz is alleged to have provided Plaintiff with some court

records that stated a maximum sentence of 16 years and other records that indicated a maximum

sentence of 22 years.[7] Thus, Plaintiff can be understood as alleging that the documents provided

---

[7] Plaintiff did include with his federal *habeas* petition an opposition brief from ADA Won describing Plaintiff's June 4, 2018 sentence as imposing 16-22 years' incarceration, *Carrasquillo*, No. 25-CV-8214 (ECF 1 at 154 ), in contrast to the description from Plaintiff's

by Clerk Diaz included conflicting information about Plaintiff's sentence. Court clerk functions, including docketing legal documents and providing copies, are closely associated with the judicial process. Clerk Diaz has absolute, quasi-judicial immunity from suit for actions such as providing copies of the record because such immunity is necessary to protect the judicial process. Moreover, Plaintiff has not pleaded any facts plausibly alleging that Diaz was responsible for the contents of the documents or plausibly suggesting that Diaz conspired with a judge to collude in vindictive resentencing.

Former Court Clerk Ruby Krajick is alleged to have been responsible for having Plaintiff's submission to this court opened as a new action, under docket number *Carrasquillo*, No. 25-CV-1030 (LTS), when Plaintiff had in fact submitted the document only for record keeping and did not intend to being a petition for a writ of *habeas corpus*. Because the challenged conduct involves the filing of court documents, which is closely associated with the judicial process, Defendant Krajick is immune from suit for such claims.

Plaintiff's claims against Defendants Diaz and Krajick must therefore be dismissed based on immunity from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### b. Grievance Committee Attorney

Plaintiff alleges that Chief Attorney Jorge Depico of the First Department's Attorney Grievance Committee engaged in misconduct by failing to respond to Plaintiff's July 22, 2025 complaint regarding the alleged misconduct of his former appellate counsel, Center for Appellate Litigation attorneys John Vang and David Klem. Plaintiff alleges that his former appellate

---

then-appellate counsel, who described Plaintiff as having been sentenced on June 4, 2018, to an aggregate term of 14.5 – 16 years' incarceration, *id.* at 92.

counsel refused to release all documents in the case file, where Plaintiff maintains that no protective order was at issue.

"[A] proceeding before [an attorney grievance] committee constitutes a judicial proceeding" because the committee "acts as a quasi-judicial body." *Anonymous v. Assn of the Bar of City of N.Y.*, 515 F.2d 427, 433 (2d Cir. 1975) (internal quotation marks omitted). Thus, a referee at the grievance committee hearing is entitled to quasi-judicial immunity, *Salis v. Dopico*, No. 24-1066-CV, 2025 WL 880407, at *2 (2d Cir. Mar. 21, 2025), and an attorney to the Committee, or Committee counsel, is entitled to prosecutorial immunity because the attorney's actions are "functionally comparable to that of . . . a prosecutor," *id.* at *2 (*DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003)); *see also Napolitano v. Saltzman*, 315 F. App'x 351, 351-52 (2d Cir. 2009) (summary order) ("Saltzman enjoys absolute immunity for his actions as counsel to the Grievance Committee, which are 'quasi-public adjudicatory [or] prosecutorial' in nature."). Accordingly, as Attorney Grievance Committee Chief Counsel, Defendant Depico is immune from suit for damages for claims about his handling of Plaintiff's grievances against his defense counsel and appellate attorneys.

### c.  Court Reporter

"[C]ourt reporters are shielded from suit for civil damages as long as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015). Courts have held, for example, that there is no constitutional right to a perfect transcript. *See Curro v. Watson,* 884 F. Supp. 708, 720–23 (E.D.N.Y.1995) (holding that there is no clearly established right to an absolutely accurate transcript), *aff'd,* 100 F.3d 942 (2d Cir. 1996); *Burrell v. Swartz*, 558 F. Supp. 91, 92

9

(S.D.N.Y.1983) ("No constitutional or federal statutory right exists to an absolutely accurate trial transcript.").

While an action for damages against a court reporter generally will not lie, New York law provides mechanisms for correcting alleged inaccuracies in transcripts. *See Curro*, 884 F. Supp. at 718 (discussing New York's transcript settlement procedures and finding they provide all the process due plaintiff).

Plaintiff sues Court Reporter Joan Mooney, alleging that she created a "Falsified Version of the June 4, 2018 Sentencing transcript . . . after issuing the original." (*Id.* at 10.) Plaintiff suggests that the court reporter colluded with other defendants to suppress Plaintiff's ability to represent himself on appeal and in post-conviction proceedings. (*Id.* at 7-9.) Plaintiff's conclusory allegations, which include no facts about how the transcript differed or any facts plausibly suggesting that the Court Reporter acted to suppress his appeal rights, are insufficient to allege that Court Reporter Mooney violated any of Plaintiff's clearly established statutory or constitutional rights. To the extent Plaintiff attempts to assert that inaccurate transcripts deprived him of due process, such a claim would fail, because New York has procedures for correcting alleged inaccuracies in transcripts, and Plaintiff makes no allegation that such procedures are inadequate.

Plaintiff thus has not stated a claim for damages against Court Reporter Mooney based on vague allegations that there may have been different versions of the sentencing transcript. Nevertheless, nothing herein prevents Plaintiff from using proper vehicles to challenge both the imposition and the execution of his conviction and sentence through a direct appeal in the state courts or other appropriate channels in state or federal court.

### 3.    Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).

In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff sues DA Darcel Clarke and ADAs Won and Phillips for allegedly violating his constitutional rights through retaliation, obstruction, misinformation, and the refusal to provide necessary documentation. Specifically, he alleges that former DA Clark refused to provide him any record of the sentence and that the DA's Office engaged in persistent frivolous delay tactics during his appeals. ADA Won is alleged to have submitted opposition papers addressed to a justice who was not presiding over the underlying motion, which Plaintiff argues was improper. ADA Phillips allegedly opposed Plaintiff's motion to compel access to all of the files in his case by falsely arguing that the trial judge had issued protective orders precluding such access, when, according to Plaintiff, no such orders had issued. He sues AAG Kuryluke for her arguments in opposition to Plaintiff's Article 78 proceeding.

11

Plaintiff's claims for damages against Defendants Clark, Won, Phillips, and Kuryluke are based on actions within the scope of Defendants' official duties and associated with the conduct of the judicial process. These claims are therefore dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### B.    Private Parties

Plaintiff sues his defense counsel, Sharon A. Caesar, alleging that she refused to release the original and true version of the June 4, 2018 sentencing minutes, and only provided a false version, thereby suppressing his ability to represent himself in his criminal appeal and any post-conviction proceedings. (ECF 1 at 9.) He also sues Center for Appellate Litigation Attorneys David Klem and John Vang for allegedly refusing to provide the plaintiff with various portions of the case file and only releasing the incomplete or false versions of crucial documents, particularly the sentencing transcript. (*Id.* at 10.)

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Generally, there is an "assumption that counsel will be free of state control." *Polk Cnty. v. Dodson*, 454 U.S. 312, 322 (1981). Thus, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

12

proceeding." *Id.* at 325; *see also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (appointed counsel has "no 'obligation to the mission of the state'" and is not a state actor for the purposes of a Section 1983 claim).

Because Defendants Ceasar, Klem, and Vang are not deemed state actors in representing Plaintiff in his criminal proceedings or appeal, Plaintiff has not stated a claim against them under Section 1983. The Court therefore dismisses Plaintiff's claims against Defendants Ceasar, Klem, and Vang for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment from proceeding in federal court and are dismissed.

## D.    DOCCS Commissioner Martuscello

Plaintiff brings claims against Commissioner Martuscello based on his responsibility for the Inmate Records Office Coordinator, who allegedly altered the calculation of Plaintiff's sentence. As previously indicated, a civil rights action for damages is not the proper vehicle for challenging a sentence calculation.

13

Insofar as Plaintiff seeks damages against Commissioner Martuscello in his individual capacity for alleged violations of Plaintiff's constitutional rights, Plaintiff fails to state a claim upon which relief can be granted. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that Commissioner Martuscello was personally involved in violating his rights, and any individual-capacity claim against Defendant Martuscello must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Insofar as Plaintiff sues Commissioner Martuscello in his official capacity, the claim is in essence one against the State of New York. *See Gollomp*, 568 F.3d at 366. Eleventh Amendment immunity therefore bars Plaintiff's Section 1983 claims for damages against Commissioner Martuscello from proceeding in federal court, and such official-capacity claims are therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**E.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint gives little indication that a valid claim might be stated, in light of the fact that Defendants appear to be immune from suit on the claims Plaintiff asserts. It appears that Plaintiff's path to relief in connection with sentencing discrepancies, if any, lies in pursuing post-judgment remedies in his criminal proceedings.

Nevertheless, because Plaintiff proceeds *pro se*, the Court grants Plaintiff 30 days' leave to replead his claims insofar as he can do so consistent with the standards set forth above. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action for the reasons set forth herein.

## CONCLUSION

The Court dismisses Plaintiff's claims against Bronx County Supreme Court Judge Timothy W. Lewis; Appellate Division, First Department Justices Dianne T. Renwick, Cynthia S. Kern, Anil C. Singh, David Friedman, Ellen Gesmer, and Marsha D. Michael, and Chief United States District Court Judge Laura Taylor Swain based on judicial immunity, and dismisses the claims against Bronx County Supreme Court Clerk Luis Diaz and former District Court Clerk Ruby Krajick based on quasi-judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court dismisses Plaintiff's claims against DA Darcel D. Clark, ADAs Grace Phillips and Charles Won, and AAG Kuryluke based on prosecutorial immunity, and dismisses the claims against the State of New York based on Eleventh Amendment immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's claims against Court Reporter Mooney, and attorneys Ceasar, Klem, and Vang, are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's individual-capacity claims against Commissioner Martuscello are dismissed for failure to state a claim, and the official-capacity claims against Commissioner Martuscello for damages are dismissed based on Eleventh Amendment immunity.

Plaintiff's application for the Court to request counsel (ECF 10) is denied, and the Clerk of Court is directed to terminate the motion. The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   February 5, 2026
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

16